# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re | : | Chapter 13 |
| PATRICIA STARR | : | Case. No. 09-43265-MSH |
|         DEBTOR | : | |
| PATRICIA STARR, | : | |
|         PLAINTIFF | : | |
| v. | : | Adv. Pro. No 09-4122 |
| BANK OF AMERICA CORPORATION, assignee | : | |
| and/or successor in interest to COUNTRYWIDE | : | |
| HOME LOANS, INC.; COUNTRYWIDE HOME | : | |
| LOANS, INC.; and BANK OF NEW YORK | : | |
| MELLON | : | |
|         DEFENDANTS | : | |
| | : | |

**MEMORANDUM OF DECISION ON MOTIONS [#65, 67, 76, AND MOTION TO IMPOUND] AND OBJECTION TO PROOF OF CLAIM**

The following matters came before me for hearing on June 25, 2010 in this adversary proceeding:

1. Defendants' Motion to Adjudicate Confidentiality of Deposition Transcripts [# 65] to which the Debtor Plaintiff filed an objection [# 79], and the Defendants filed a reply [#89];

2. Defendants' Motion for Summary Judgment [# 67], along with an accompanying Memorandum of Law [# 68], Statement of Undisputed Material Facts [#69], and Declaration of Catalina E. Azuero [#70], all of which the Debtor challenges by

    certain pleadings currently under seal with the Court and by those pleadings identified below;

3. Debtor's Motion to Strike [#76] the following: the Defendants' Motion for Summary Judgment, Memorandum of Law, Statement of Undisputed Material Facts, and Certification of Catalina Azuero; and the Defendants' Opposition to the Motion to Strike [#82];

4. Debtor's Motion to Impound the following pleadings, all of which are currently under seal with the Court:

    A. Debtor's Opposition to the Motion for Summary Judgment with an accompanying memorandum of law;

    B. Debtor's Response to the Defendants Statement of Undisputed Material Facts;

    C. Affidavit of James L. O'Connor, Jr., Esq.

5. Debtor's Supplemental Objection to the Defendants' Motion for Summary Judgment [#87 and #93] and the Defendants' Reply [#88]

6. Defendants' Reply [#95] to the Debtor's Response to the Defendants Statement of Undisputed Material Facts.

In addition, the Debtor's Objection to the proof of claim of Defendant Bank of New York ("BNY") [#22] and BNY's Response [#26], both filed in the main bankruptcy case, had been previously consolidated for trial with the claims in this adversary proceeding.

    Despite a panoply of pleadings, the issues before me can be distilled down to two questions: Whether certain documents are subject to the Confidentiality Agreement and

Protective Order[1] among the parties and whether the Defendants are entitled to summary judgment on all counts of the complaint and the Debtor's objection to BNY's proof of claim.

*The Motion to Adjudicate Confidentiality of Deposition Transcripts
and the Motion to Impound*

The parties signed a Confidentiality Agreement and Protective Order which permits a party to designate discovery materials as confidential if the party believes the materials include: Confidential business or technical information; trade secrets; proprietary business methods or practices; personal information, including, without limitation, personal financial information about any party to the lawsuit or an employee of any party to the lawsuit; information regarding the any individual's banking or lending relationships, including, without limitation, information regarding the individual's mortgage or credit history; or any other competitively sensitive confidential information. The Defendants have designated as confidential certain portions of the deposition transcript of Renee D. Hetzler, a witness designated by BNY pursuant to Fed. R. Civ. P. 30(b)(6), made applicable to the adversary proceeding by Fed. R. Bankr. P. 7030, as confidential on the grounds that the deposition reveals "countless sensitive business practices... including internal document execution protocols..." and contains "confidential business strategies such as the business procedures for executing documents." The Debtor objects to the designation of the Hetzler deposition as confidential.[2] In light of the Debtor's challenge, the Defendants have the burden of proving the designated pages of the deposition transcript fall

---

[1] Despite its title, no protective order was entered.

[2] The Debtor initially objected to the Defendant's designation of the deposition transcript of Patricia Coffey as confidential but during the hearing the Debtor's counsel stated he was not challenging the designation of the Coffey transcript as confidential.

within one of the enumerated categories of confidential information, but have not submitted copies of the designated pages to me. I have only two of the designated pages that are attached to the O'Connor Affidavit filed by the Debtor under seal. Although those two pages do not appear to contain anything that falls within one of the enumerated categories, I will defer ruling on the Motion to Adjudicate Confidentiality pending receipt of all of the relevant pages.

The Defendants do not oppose the Debtor's Motion to Impound and in fact, support it. Included in the documents attached to the O'Connor Affidavit that are among the documents to be impounded, however, are two pages of the Hetzler deposition transcript that have been designated as confidential by the Defendants and challenged by the Debtor. I will allow the Motion to Impound except for the two pages of the Hetlzer deposition transcript which will be the subject of a later ruling on the Motion to Adjudicate Confidentiality once I receive all the relevant pages.

*Motion for Summary Judgment*

The Defendants seek summary judgment in their favor on all counts of the seven count complaint and an order overruling the Debtor's objection to BNY's proof of claim.[3] Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c), made applicable by Fed. R. Bankr. P. 7056. "A 'genuine' issue is one supported by such evidence that a reasonable jury,

---

[3] The complaint contains counts for: fraudulent inducement; violation of the federal and state truth in lending statutes and associated regulations (15 U.S.C . § 1601 *et seq.* and MASS. GEN. LAWS ch. 140); one count for violation of MASS. GEN. LAWS ch. 183 and a second for violation of MASS. GEN. LAWS ch. 183, § 28C; a count for violation of MASS. GEN. LAWS ch. 93A; and counts for intentional and negligent infliction of emotional distress.

drawing favorable inferences, could resolve it in favor of the nonmoving party. Material facts are those having the potential to affect the outcome of the suit under the applicable law." In re McCabe Group, 424 B.R. 1, 4 (Bankr. D. Mass. 2010)(internal citations and footnotes omitted). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Affidavits in support of or in opposition to summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Fed. R. Civ. P. 56(e)(1).

Catalina Azuero is an attorney representing the Defendants in this adversary proceeding. In support of the Motion for Summary Judgment, the Defendants submitted Ms. Azuero's declaration, signed under oath, that several documents attached as exhibits to her declaration were true and accurate copies of original documents. The Debtor seeks to strike most of the documents on the grounds that the documents are not self-authenticating, are not authenticated and contain hearsay, including hearsay within hearsay. The Defendants respond that the documents are authenticated by Ms. Azuero's properly executed declaration, that the Debtor signed many of the documents, and that the documents fall within the business records exception to the hearsay rule. The Defendants are mistaken as to the following Azuero exhibits: Exhibits E, F, I, J, L, M, N, O (to the extent Exhibit O is intended to prove the truth of the exact address

5

of the storage facility), P, Q, R, and S.[4] Ms. Azuero makes no declaration that she has personal knowledge that the documents are what her declaration states them to be nor does she declare that she is personally familiar with the Defendants' records or recordkeeping. Fed. R. Evid. 803(6) recognizes the so-called business records exception to the hearsay rule whereby records of regularly conducted business activities kept in the ordinary course of the business may be admitted to prove the truth or falsity of the facts set forth in the records *provided* that they are properly authenticated. Business records, which normally would be admissible at trial under the hearsay exception set forth at Fed. R. Evid. 803(6), may be considered only if authenticated by "the custodian or other qualified witness, or by certification that complies with Rule 902(11)...." Fed. R. Evid. 902(11) in turn requires:

> (1) a qualified custodian or other person having personal knowledge makes the authenticating declaration, who must have "sufficient knowledge of the record-keeping system and the creation of the contested record to establish their trustworthiness;" (2) the declaration must establish that the record was made at or near the time of the occurrence or matters set forth in the document by someone with personal knowledge of these matters or from information provided by someone with personal knowledge thereof; (3) the declaration must show that the record is kept in the course of the regularly conducted activity of the business, and the "mere presence of a document ... in the retained file of a business entity do[es] not by itself qualify as a record of a regularly conducted activity"; and (4)

---

[4] In her declaration, Ms. Azuero represents the documents to be a 2007 promissory note from the Debtor to Countrywide Home Loans, Inc. (Exhibit E); a 2007 Notice of Right to Cancel signed by the Debtor (Exhibit F); a 2007 HUD-1 Settlement Statement (Exhibit I); a 2007 Uniform Residential Loan Application signed by the Debtor (Exhibit J); a Financial Benefit Worksheet prepared by Countrywide (Exhibit L); sections of a Pooling and Servicing Agreement ("PSA") for CWABS, Inc. Asset Backed Certificates, Series 2007-5 Trust (Exhibit M); additional sections of the PSA (Exhibit N); a letter from Ms. Azuero to the attorney for the Debtor, which letter purports to identify the chain of custody for an original promissory note executed by the Debtor in favor of Countrywide (Exhibit O); Assignment of Mortgage (Exhibit P); Assignment of Mortgage (Exhibit Q); Power of Attorney from BNY to BAC, Lp, formerly known as Countrywide (Exhibt R); and Certificate of the Assistant Secretary of BAC GP, LLC (Exhibit S).

>       the declaration must establish that it is the regular practice of the business to keep
>       records of a regularly conducted activity of the business, and "it is not enough if it
>       is the regular practice of an employee to maintain the record of the regularly
>       conducted activity .... it must be the regular practice of the business entity to do
>       so"-i.e. it is at the direction of the company that the employee maintain the
>       record.

Lorraine v. Markel American Ins., Co. 241 F.R.D. 534, 572 (D.Md. 2007)(internal citations and quotation marks omitted).  In other words, the person must be someone through whom the exhibits could be admitted into evidence.  Duplantis v. Shell Offshore, Inc., 948 F.2d 187, 192 (5th Cir.1991); Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550-51 (9th Cir.1989); Martz v. Union Labor Life Ins. Co., 757 F.2d 135, 138 (7th Cir.1985); Cummings v. Roberts, 628 F.2d 1065, 1068 (8th Cir.1980).  Attorneys who lack personal knowledge of the information contained in documents, the source of documents, or their authenticity are not competent to testify to their truth or accuracy and thus the documents must be disregarded. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 643 (2d Cir.1988).

The Debtor also challenges Exhibit X which is an excerpt of the transcript of the December 8, 2009 hearing held before this Court.  Since a court can take judicial notice of documents in the court records, Exhibit X need not be stricken.

When the Defendants' Statement of Undisputed Material Facts is stripped of "facts" based upon the impermissible Azuero exhibits, there are very few facts remaining to support the Defendants' Motion for Summary Judgment.  Essentially what is left is that the Debtor is not sure if she received copies of the disclosures required upon the refinancing of her home mortgage, although she admits her signature or initials appear on pages of documents shown to her at her deposition, and that she opened a business checking account for a business called "Shining Starr" although the business never existed. This is insufficient to warrant entry of

summary judgment in favor of the Defendants on any count of the complaint or on the objection to the proof of claim.

Moreover, even assuming the inadmissible documents were not stricken, the Defendants' Motion for Summary Judgment must fail. The Debtor's verified complaint may be considered in opposition to the Motion for Summary Judgment, Colon v. Coughlin, 58 F.3d 865, 872 (2d Cir.1995), and in that verified complaint the Debtor raises material issues of fact on each and every count. In the complaint the Debtor alleges that she refinanced her home loan twice with Countrywide, once in 2004 and again in 2007. She avers that she did not realize, and Countrywide did not properly disclose, the terms of the loans, including the fact that they were variable rate loans which would likely result in an increase in her monthly mortgage payment and the fact that numerous fees and charges were omitted from disclosures that were made . She further states that Adam Zoldak, a representative of Countrywide Home Loans, Inc., induced her to open a business checking account for a non-existent business and to sign a loan application containing false information although he knew or should have known she could not afford the refinanced loan. The Debtor, who describes her household income as limited to child support and social security payments to her adult son who is blind and has cerebral palsy and for whom she is the primary caretaker, avers that she suffers from stress and anxiety, manifested by objective symptoms, as a result of the Defendants' behavior. With such material facts in dispute, summary judgment is inappropriate and will be denied.

Separate orders will issue.

Dated: July 2, 2010

_____
Melvin S. Hoffman
United States Bankruptcy Judge